# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**ARMAND JONES**                                                                  **PETITIONER**

**V.**                                                                  **NO. 4:23-CV-55-DMB-JMV**

**BURL CAIN, Commissioner**
**of the Mississippi Department**
**of Corrections; and LYNN FITCH,**
**Attorney General of the State of**
**Mississippi**                                                                  **RESPONDENTS**

### ORDER

Armand Jones objects to United States Magistrate Judge Jane M. Virden's report recommending the denial of his petition for a writ of habeas corpus. Because Jones' objections are without merit, the report recommendation will be adopted as the order of the Court and Jones' habeas petition will be denied.

## I
## Background & Procedural History

On May 18, 2017, Armand Jones was convicted by a jury of one count of first-degree murder and three counts of attempted first-degree murder in the Circuit Court of Leflore County, Mississippi. Doc. #12 at 1; Doc. #14 at 1. Jones appealed his convictions and sentence, asserting, among other things, that "[t]he Court erroneously permitted the introduction of videotaped recording of a statement made by deceased prior codefendant Jacarious Keys to be entered into evidence, without redaction" in violation of the Sixth Amendment. Doc. #12 at 2; Doc. #14 at 1. The Mississippi Court of Appeals and the Mississippi Supreme Court both affirmed Jones' conviction and sentence. *Buchanan v. State*, 363 So.3d 902, 933 (Miss. Ct. App. 2019), *aff'd in part, rev'd in part*, 316 So. 3d 619, 632 (Miss. 2021).

On August 23, 2023, Jones filed an amended petition[1] for a writ of habeas corpus in the United States District Court for the Northern District of Mississippi, challenging his 2017 convictions for one count of first-degree murder and three counts of attempted first-degree murder on the grounds that his Sixth Amendment right to confront his accuser was violated by the admission of a testimonial out-of-court statement at his trial. Doc. #12.[2]

On January 17, 2025, United States Magistrate Judge Jane M. Virden issued a report ("R&R") recommending the denial of Jones' amended habeas petition. Doc. #20. Two weeks later, Jones filed objections to the R&R, Doc. #21; and on February 7, 2025, the respondents filed a response opposing the objections, Doc. #22.

## II
## Standard

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report ... to which objection is made." "Frivolous, conclusive or general objections need not be considered by the district court." *Mosley v. Quarterman*, 306 Fed. App'x 40, 42 n.2 (5th Cir. 2008) (emphasis omitted) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)); *accord Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. 2022).

## III
## Discussion

The R&R concludes that Jones' (1) Confrontation Clause claim "cannot succeed under the [Antiterrorism and Effective Death Penalty Act ("AEDPA")]" since "there is simply no United

---

[1] Jones filed his initial habeas petition on March 21, 2023, asserting violations of his rights to confront his accuser and to a public trial. Doc. #1. On June 12, the respondents moved to dismiss the petition because Jones had not exhausted his public trial claim. Doc. #4. On August 16, the Court adopted Judge Virden's report and recommendation, dismissed the public trial claim, and allowed Jones to file an amended petition containing only the Confrontation Clause claim. Doc. #11.

[2] The respondents answered the complaint on October 17, Doc. #14; Jones responded to the answer on November 30, Doc. #17; the respondents filed an objection to the response on December 7, Doc. #18; and Jones responded to the objection on December 21, Doc. #19.

States Supreme Court precedent on the issue raised;" (2) harmless error argument fails to "satisf[y] the requirements of *Brecht* to challenge the state court's finding" and is otherwise waived; (3) "request for evidentiary hearing and further discovery [should] be denied" because he "agree[d] that further factual development (such as discovery or evidentiary hearing) is not needed;" and (4) request in his reply for further briefing should be denied because Jones did not submit a memorandum with his petition, "the *Rules Governing Section 2254 Cases* do not specifically provide for briefing before a district court disposes of a habeas petition," and his "amended petition does not assert a claim challenging the Mississippi Supreme Court's finding that even if a Confrontation Clause violation occurred …, it was harmless error." Doc. #20 at 18–22.

Jones objects that (1) his "right of confrontation was violated in direct contravention of established Supreme Court precedent" because "[u]se of the forfeiture by wrongdoing exception in []his case directly conflicted with the narrow rule announced in *Giles*;" (2) "[t]he Magistrate Judge erred in its application of the pleadings rules to deny meaningful review of [his] unquestionably exhausted and properly asserted Confrontation Clause claim;" and (3) "[s]hould the Court agree with the Magistrate Judge that [he] must separately challenge the harmless error analysis as a separate claim, then the Court should permit [him] to amend his petition to do so." Doc. #21 at 16, 22, 31, 33 (emphasis in original).

The respondents counter that "Jones' new AEDPA-constitutionality argument fails to overcome the Magistrate Judge's proper application of AEDPA to his Confrontation Clause claim." Doc. #22 at 6. They urge the Court to "overrule [his] objection to the … determination that there is no 'clearly established federal law' on Jones' narrow Confrontation Clause issue;" "overrule [his] objection to the … determination that he failed to properly challenge the Mississippi Supreme Court's harmless-error decision;" and "deny [his] request to amend his

3

petition to challenge the Mississippi Supreme Court's harmless-error determination." Doc. #22 at 7, 11, 14.

### A. Confrontation Clause

The R&R recommends that Jones' Confrontation Clause claim be denied because "there is simply no United States Supreme Court precedent on … [w]hether the theory of imputing conspiratorial liability … can, or cannot be, reasonably relied on to find the requisite intent of a defendant to have caused the wrongful silencing of a witness so as to invoke the application of the forfeiture by wrongdoing doctrine as required by the Court in *Giles*." Doc. #20 at 18 (emphasis in original).

Jones objects that "[t]here is no evidence … that [he] engaged in any conduct designed to prevent Keys from testifying" as required by *Giles*; and "*Giles* is inconsistent with the concept of co-conspirator liability employed by the Mississippi Supreme Court and the cases it relied upon in reaching its decision[ so] the Mississippi Supreme Court's decision … was unreasonable." Doc. #21 at 25.

The respondents counter that because "the Supreme Court has taken no position on the standards necessary to demonstrate forfeiture by wrongdoing," "Jones's [o]bjections on this issue fail to overcome the Magistrate Judge's correct conclusion that there is simply no 'clearly established federal law' on his specific issue, which precludes habeas relief under AEDPA." Doc. #22 at 9, 10 (alteration and citation omitted).

"[Section] 2254 does not permit a federal court to grant a habeas application unless the applicant can show legal error under § 2254(d)(1) or factual error under § 2254(d)(2)." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012). Legal error requires a showing that "the state court adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application

4

of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id*. (quoting 28 U.S.C. § 2254(d)(2)). In *Pinkerton v. United States*, the Supreme Court reasoned that a defendant-conspirator is liable for the substantive offenses committed by a co-conspirator when their commission is reasonably foreseeable and in furtherance of the conspiracy. 328 U.S. 640, 646–48 (1946). In 2008, without reference to *Pinkerton*, the Supreme Court held that "unconfronted testimony would not be admitted without a showing that the defendant intended to prevent a witness from testifying." *Giles v. California*, 554 U.S. 353, 361 (2008) (emphasis omitted).

Although Jones argues there is no evidence to suggest he engaged in conduct to prevent Keys from testifying at his trial, the Supreme Court has not decided whether the theory of imputing conspiratorial liability recognized in *Pinkerton* can be reasonably relied on to invoke the application of the forfeiture of wrongdoing doctrine as required in *Giles*. Doc. #20 at 18. For this reason, the Mississippi Supreme Court did not unreasonably apply clearly established federal law by applying *Pinkerton* to find Jones' intent to prevent Keys from testifying, and Jones' petition will be dismissed. *See Gomez v. Thaler*, 526 Fed. App'x 355, 359 (5th Cir. 2013) ("Because no decision of the Supreme Court has addressed the issue presented before us, it cannot be said that the state court unreasonably applied clearly established Federal law.") (internal quotation marks and alterations omitted) (quoting *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)).

### B. Harmless Error

The R&R concluded that Jones' "argument that the Mississippi Supreme Court's finding of harmless error was unreasonable under *Chapman* does not address the correct standard for this Court's review of the determination of harmless error," and because he "has not satisfied the requirements of *Brecht* to challenge the state court's findings," "this court cannot grant him relief

5

under AEDPA." Doc. #20 at 19.

In objection, Jones submits that in "[a]pplying the harmless error standard appropriately (under *Chapman* and *Brecht*), Keys' statement substantially influenced the jury's verdict" because "[t]he State's evidence absent Keys' statement was untrustworthy, as was the reasoning of the jury that convicted [him]." Doc. #21 at 32–33. He also argues that even though the Mississippi Supreme Court "stated that because other witnesses identified [him] during testimony [and] evidence supported [his] conviction without the help of Keys' statement," "the court erroneously focused on whether the jury could still have found [him] guilty without the admission of Keys' statement." *Id.* at 31.

The respondents respond that Jones "has not met his required burden under *Brecht*," and "[t]he Mississippi Supreme Court's harmless-error determination was certainly reasonable under AEDPA and supported by the overwhelming evidence establishing Jones' guilt." Doc. #22 at 13– 14 (emphasis in original).

"A habeas petitioner must show that the constitutional error 'resulted in actual prejudice'— that is, that 'the error had substantial and injurious effect or influence in determining the jury's verdict.'" *Davis v. Guerrero*, No. 24-70008, 2025 WL 1766785, at *5 (5th Cir. June 26, 2025) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Jones does not satisfy this burden. He merely recounts the "ambiguities" in the witness testimony during trial but fails to address a pivotal issue here—how Keys' statement substantially influenced the jury's verdict. *See generally* Doc. #21 at 32–33. Because Jones does not demonstrate how admission of Keys' statement had a substantial and injurious effect or influence over the jury's verdict, his harmless error challenge fails, and his habeas petition will be dismissed on this ground as well.[3]

---

[3] Because the Court considered Jones' challenge to the harmless error finding despite it not being raised in his complaint, and because Jones' petition is properly denied on harmless error grounds and because the Mississippi

### C. Request for Evidentiary Hearing, Discovery, and Further Briefing

For the reasons above, the Court sees no reason to grant Jones' request for "evidentiary hearings;" to "engage in discovery;" and to "set a schedule for briefing on the merits of the claim presented." Doc. #12 at 10, 11; Doc. #17 at 2.

### IV
### Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Here, Jones has failed to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (superseded by statute) (citations and quotations omitted); 28 U.S.C. § 2253(c)(1), (2). A certificate of appealability should not issue in this case.

---

Supreme Court's decision was not an unreasonable application of clearly established federal law, the Court denies Jones' request to amend his petition to separately challenge harmless error.

7

## V
## Conclusion

Jones' objections to the R&R [21] are **OVERRULED**. The R&R [20] is **ADOPTED** as the order of the Court. Jones' amended petition [12] and his requests for an evidentiary hearing, discovery, and further briefing are **DENIED**. A certificate of appealability is denied.

**SO ORDERED**, this 31st day of March, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**